OLIVIA BELMONT

*vs.*

THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

{ Decided January 19, 1885.
{ The CHIEF JUSTICE and Justices MAC ARTHUR and JAMES sitting.

LAW. No. 22,388.

An agreement of the parties by their attorneys to refer a pending cause to a special referee, "whose award, when approved by the court, is to be its judgment," is not within the Maryland act, and if the court disapprove the award, and make an order setting it aside, such order is not appealable.

MOTION to dismiss an appeal.

THE CASE is stated in the opinion.

S. S. HENKLE and C. MAURICE SMITH for plaintiff.

ENOCH TOTTEN and WM. A. McKENNEY for defendant.

Mr. Justice MAC ARTHUR delivered the opinion of the court.

In the case of Olivia Belmont *vs.* the Washington and Georgetown Railroad Company, I am authorized to announce the conclusion of the court.

The following minute is taken from the journal of the court; "By agreement of parties, by their respective attorneys, the case is referred to James G. Payne, esq., whose award, when approved by the court, is to be its judgment."

No order of reference was prepared by the attorneys, and we suppose they made their oral application, and the clerk caught the decision of the court as well as he could and made this minute of it; but we cannot find that any formal order was signed by the court.

Mr. Payne, it appears, acted upon the order, took testimony and made an award, in which the facts that he found established by the testimony are stated at large with his conclusions of law. A motion was made to enter judgment upon this award. Exceptions were then filed by the plaintiff, against whom the award was rendered, in which the finding of facts as well as conclusions of law are disputed. The judge holding the circuit denied the motion to enter

judgment, sustained the exceptions to the award and set it aside. From that order an appeal is taken to this court, and it is now before us on motion to dismiss that appeal, on the ground that the order was not appealable.

It is to be observed in the construction of this minute, that the award is to be subject to the approval of the court before it becomes its judgment. The limitation, therefore, imposed by the order itself is that the judgment, in the discretion of the court, is to be expressed by way of approval before it can become the final determination of the case. If it had been a reference to arbitration under the rules of the court, or under the Maryland act which authorized reference to arbitration, the effect of the award would have been entirely different from the one contemplated by this order. We can only consider this order as authorizing the referee to report the case to the court for its judgment, and as in the nature of a special verdict or an agreed statement of facts. This appears also to have been the construction put upon it by the referee himself, for he reports at large and in great minuteness the facts established by the testimony and the conclusions of law which he thinks ought to be applied to them, so that the court might see the whole case and approve or disapprove of his award. The court has exercised that discretion, and held that it must be set aside.

Now it may be that the attorneys intended to make a reference to arbitration. We know very well what the effect of an award of arbitrators is; that it is final and conclusive upon all the facts in the case, and the controversy cannot be inquired into either by the parties or by the court. The duty of the court is a merely formal act then, or nearly so, to enter judgment upon the award. And that makes an award of an arbitrator a practical determination of a controversy. The only way in which the award of arbitrators can be impeached, according to the act of Maryland, is on the ground of fraud, malpractice, or where notice has not been served upon the parties, etc., and if a party desires to file exceptions it must be done with proof of this description in order to impeach it, otherwise the order

must stand and this appears to be the result of our own rules upon the subject. We provide that where a copy of the award has been served upon the party the court must find judgment upon it.

This is a mere reference to a special referee subject to the approval of the court. We think the order upon the award was entirely within the discretion of the court and its judgment upon it is not appealable.

We have been referred, however, to a former case, precisely like the present, which was determined the other way, and the attorney who argued in favor of the appeal, stated that he acted in this case upon the authority of that former decision. We can only say that none of the judges have any recollection of that point being raised in that or any other case. It does appear that the minute of reference was precisely like the one in the present case; and that the court did enter upon an examination into the merits, and reversed the order made below. It does not appear that this point was made. It is, therefore, one of those vague, floating authorities which exist in the traditions of the Bar, and which can scarcely have foundation in a well-considered and deliberate judgment upon a point clearly presented for adjudication.

The opinion of the court is that the motion to dismiss the appeal must be allowed.